ORIGINAL

# 1466-14

## IN THE

## COURT OF CRIMINAL APPEALS, IN AUSTIN, TEXAS

### EX PARTE JERRY SOLIZ MARTINEZ

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 31 2014

Abel Acosta, Clerk

### VS.

### THE STATE OF TEXAS

A DIRECT APPEAL, TO STOP VINDICTIVE ACTIONS BY THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE:

TO THE HONORABLE JUDGE'S, COURT OF CRIMINAL APPEALS:

RE: COURT OF CRIMINAL APPEALS NO. PD-1466-14

TRIAL COURT NO. 2008CR1459

FILED IN
COURT OF CRIMINAL APPEALS

DEC 31 2014

Abel Acosta, Clerk

Now comes, Jerry Soliz Martinez, Appellant Pro Se, and files this Direct Appeal to stop the vindictive actions by the Texas Department of Criminal Justice. Appellant is contesting his placement on transient status and removal from the Thomas Goree unit, 7405 Hwy. 75 South, Huntsville, Texas, 77344. Appellant was placed on transient status for the remainder of his sentence (6) months (discharge on 6-17-2015).

1

# I.

## PLEA FOR LIBERAL SCRUNITY

Appellant respectfully asks that the Honorable Court of Criminal Appeals to construe said Direct Appeal Literally. Appellant is a Layman at Law and asks that he not be held to the same stringent standards of craftmanship presented by attorney's.

# II.

## INTRODUCTION

Appellant was charged with indecency with child-contact, on Sept. 26, 2007 and indicted on Feb. 20, 2008. Appellant plead nolo contendere/no contest on April 6, 2011, sentenced on June, 22, 2011. Appellant filed an appeal (#04-11-00548-CR) on July 22, 2011 and dismissed for "want of jurisdiction", on August 16, 2011. Appellant filed a PDR (PD-1707-11) on Dec. 16, 2011 and refused on Mar. 20, 2012. Submitted a Writ of Habeas Corpus pursuant to Tex. C.C. Proc. Art. 11.07 (WR-79,899-01), "denied without written notice", on Jan. 15, 2014.

2.

· Appellant filed an out-of-time appeal on June 30, 2014 ·
(#04-14-00468-CR). The 4th Court of Appeals issued an
order to show cause on July 18, 2014. Appellant filed his
Motion to Show Cause on Aug. 22, 2014. The Court of Appeals
dismissed for "want of jurisdiction" on Oct. 8, 2014. Filed
a Pro Se motion for extention of time to file a Petition for
Discretionary Review (PD-1466-14) and granted by the
Honorable Court on Oct. 30, 2014.

## III.

STATEMENT OF FACTS NOT APPARENT ON THE RECORD

Appellant asserts the following through
personal copies of correspondence received from Parole
and Sex Offender Treatment Program officials and staff.
Appellant was sentenced to 4yrs incarceration by the 437th
District Court, to the TDCJ-Institution at Garza East. The
Judge also made a pronouncement to comply with Chapter
62 registration proceedures. (Vol. 2, pg. 26, Ln. 21-22 court
reporters record). On April 9, 2013, Appellant was interviewed
by Ms Rose Cruz IPO II of the parole dept. at Garza East. ·

3.                          (see DX-1)

On May 30, 2013, Appellant was transferred to Diboll Correctional center, 1604 South 1st. St., Diboll, Tx. 75941. On Sept. 6, 2013, I received my parole eligibility answer. The Parole Board served me with an FI-9R, upon completion of a rehabilitation program, to start on 11-2013 and target release date of 08-2014 (see DX-2). Appellant informed the parole board his choice to refuse the S.O.T.P. program via certified mail on Oct. 1, 2013. (see DX-3) The Huntsville Board office acknowledged receipt of his letter rejecting parole on Oct. 30, 2013. (see DX-4). While at Diboll Appellant completed a 6 month Horticulture and Landscaping course on Dec. 20, 2013, and was attending a TDCJ required "CHANGES" course, plus other spiritual classes. On Feb. 12, 2014, I was transferred to Thomas Goree unit, 7405 Hwy. 75 South, Huntsville, Tx. 77344. Appellant was enrolled in the S.O.T.P. modules class #51 on Feb. 18, 2014, and completed on June 5, 2014. Appellant never admitted to the alleged offense or answer any questions affirmatively. On June 17, 2014, I started to attend group therapy with Mr. Smith as our therapist. I continued to deny my guilt.

4.

·and continued to claim my innocence through the first month of therapy. Then I was harshly put through gauntlets of my peers and therapist, Ms. Lindsey, Ms. Place, and Mr. Smith. The attempted coercesion stopped only because I revealed to Ms. Lindsey my appeal was pending in the appellate courts. On Sept. 10, 2014, I was sent to take a (DRA) static 99R Dynamic Risk Assessment interview with Ms. B. Williamson. After my interview, Ms. Williamson assured appellant, his risk assessment would not change from a **Low** neg. -1, pursuant to Tex. C. C. Proc. art. 62.07(a). (see DX-5). On Oct. 8, 2014, the Court of Appeals dismissed the appeal for "want of jurisdiction". Then an attemp was made to *coerce* Appellant into answering a "layout format", in which I refused to answer citing my 5th Amendment rights. see (DX-6). On Oct. 22, 2014, Mr. Smith's employment ended and I was moved to Ms. Shear's group, then to Dr. Ainsworth group for therapy. On Dec. 4, 2014, Ms. Lindsey the head L.S.O.T.P. instructed Dr. Ainsworth to proceed and exit Appellant out of the Sex offender program. Ms. Lindsey called her peer Mr. Gunn and requested my removal from the program..

5.

On Dec. 12, 2014, Appellant was unexspectively transferred out of Thomas Goree unit and sent to the Segovia unit via Darrington unit under "transient" status.

## IV.

## GROUNDS

Appellant asserts that he is being prejudiced by the violation of his Due Process and Due Course of Law afforded to defendants under the United States Constitution 14th Amendment, The Texas Constitution Article 1 §§10,19, and implicates a Liberty interest. The removal of Appellant and transfer to "transient" status, is vindictive and this punishment is a violation of his fundamental and constitutional rights. Appellant's unexspected transfer has created an obstruction in his diligence to comply and complete the PDR the Court of Criminal Appeals has given permission to submit. See

King v, State, 125 S.W. 3d 517 (Tex. Crim. App 2003), citing Degrate v. State, 712 S.W. 2d 755 (Tex. Crim. App 1986). "Appellant failed to comply with the rules of appellate procedure, T.R.A.P. 66 and 68;"

Transients are not allowed to attend the Law Library or purchase commissary in all TDCJ units.

6.

· Appellant will not have the liberty to research case law or work diligently on submitting writs, briefs, or motions. The purpose of placing Appellant on "transient" status is so he will not be able to work on any legal matters pertaining to the conviction he is attacking. Appellants claims of innocence and not wanting to answer any questions or talk about his alleged offense and invocation of his 5th amendment rights lead to his removal from the program and the Goree unit. see Dansby v. State, 398 S.W. 3d 233 (Tex. Crim. App 2013). "There were other reasons offered for his removal, but they dealt primarily with his refusal to answer potentially incriminating questions"... Also, citing, Minnesota v. Murphy, 465 U.S. 420, 426 (1984). "The 5th amendment applies in any proceeding to 'disclosures' that the witness reasonably believes could be used against him"... The Court wrote... "There is an exception to forced testimony if the probationer is offered immunity from prosecution, but such was not the case here." Therefore, the Court clearly stated that in Dansby's case, "without immunity, he simply may not be forced to confess to criminal behavior, whether during a polygraph examination or during group therapy." see U.S. v. Kennedy, 372 F.3d 686, 691-92 (4th Cir. 2004). "Risk of coerced self-incrimination remains until convictions have been affirmed on appeal."

7.

. Appellant asserts that the actions by S.O.T.P. and TDCJ are. vindictive and borders obstruction of justice, where an executive branch of government (TDCJ) prohibits an appellant from submitting Writs, PDR's, Briefs, and Motions requested by the judicial branch of government (Court of Criminal Appeals). Appellant asks the following questions. Is it not the Legislature that gives the right to our distinguished Court's to see that justice is served? Where is the law that permits TDCJ to prohibit appellants right to legal proceedings. I ask these questions because TDCJ is overriding the Courts order granting Appellant permission to submit his Petition.

citing. Mathews v. Eldridge, 472 U.S. 319, 335, 344, 96 S.Ct. 893, 903, 47 L.Ed. 2d 18 (1967). "The 14th amendment prohibits any State from depriving any citizen of Life, Liberty, or property without "due process of Law". The reason that the U.S. Constitution requires a State to provide "due process of the Law" when it punishes an indivisual from erroneous or mistaken punishment that the State would have not inflicted had it found facts in a more reliable way". see Horsby v. Allen, 326 F.2d 605, 610 (C.A. 5 1964). ... "required adherence to the standards of due process, an absolute and uncontrolled discretion invites abuse".

Appellant contends that it would have been easier to keep him at the Goree unit and move him to the general population

8.

section or send him back to Diboll Correctional Center and permit him to pursue his legal rights. Appellant asserts that both units have an excellent law library that provides much needed research material. Appellant assents that Diboll has a 30% Sex offender population, and Goree has a 50% sex offender population. He would be able to purchase stamps and other materials to accomplish his legal work. Appellant will not be able to have contact with his wife and children or family. TDCJ can and will keep appellant on "transient" status all the 6 months that remain on his sentence, (discharge 6-17-15). He will be restricted from viewing any televized programing or listen to radio programs. Appellant asserts that the actions of TDCJ come close to assertions made in,

Meadoux v. State, 325 S.W. 3d 189 (Tex. Crim. App. 2010). The Court noted, "In accordance with contemporary national standards of decency, the U.S. Constitutions 8th amendment prohibits the imposition of punishments that are inherently barbaric or greatly disproportionate to the offense".

Appellant only claimed innocence and invoked his 5th amend. rights to self-incrimination. see, U.S. v. Duchi, 944 F.2d 391, 394 (8th Cir. 1991). "5th amend. right not to testify concerning transactions for which defendant has been convicted continues until time for appeal has expired or until conviction has been affirmed on appeal".

9

# ARGUMENT

In conclusion of my appeal, Appellant argues to the fact that his fundamental and constitutional rights are being violated by the actions of the Director Texas Dept. Of Criminal Justice, Brad Livingston, by placing him in transcient status. The conduct by staff of TDCJ and sex offender program violated Appellants' expectation to the required protection under the U.S. Const. 14th Amend.'s Due Process clause, the Texas Constitution, Article 1 §§ 10, 19, to Due Process of the law. These actions by TDCJ has prejudiced Appellant in that they are prohibiting him from accomplishing his legal rights afforded to criminal def..

# RELIEF

Wherefore, Premises considered, Appellant respectfully prays that the Honorable Court order the Director Texas Dept. of Criminal Justice, Brad Livingston to cease these vindictive actions and return Appellant to either unit mentioned in the appeal. Appellants Petition is due by Jan. 6, 2015 and he has exhausted all his mailing supplies by submitting this unexpected appeal.

10.

Appellant is being transported over 500 miles to the Segovia unit in Edinburg, Tx., when he could have been moved only 100 yds within Goree, or 70 miles to the Diboll unit. Appellant prays that his priviledges be restored. Appellant respectfully prays that the Honorable Court of Criminal Appeals grant the relief requested and entitled too.

Respectfully Submitted,

Jerry Soliz Martinez
Appellant Pro Se
TDCJ # 01724442
Darrington unit
59 Darrington Rd.
Rosharon, Texas, 77583

## CERTIFICATE OF SERVICE

Appellant certifies that he is unable to provide a true and correct copy to the parties involved. Appellant is unable to produce the postage neccessary for delivery, because of being placed in transcient status and is not provided with reproduction capabilities or the priviledges of commissary. He would respectfully ask the official Clerk of the Court to please forward copies to all interested parties involved. Signed this 14th day of December, 2014.

Jerry Soliz Martinez
Appellant Pro Se
TDCJ # 01724442



# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00468-CR

**EX PARTE** Jerry Soliz **MARTINEZ**

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2008CR1459
Honorable Lori I. Valenzuela, Judge Presiding

PER CURIAM

Sitting:    Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice

Delivered and Filed: October 8, 2014

DISMISSED FOR LACK OF JURISDICTION

On June 30, 2014, Appellant Jerry Soliz Martinez filed a "Motion of an Out-of-Time Appeal of the Orders of the 437th District Court," stating that he intends to appeal the trial court's order of July 2, 2013. Appellant states that he was convicted and sentenced in the 437th Judicial District Court, Bexar County, Texas on June 22, 2011. On October 12, 2012, he contested his conviction by filing an application for writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure. In its July 2, 2013 order, the trial court considered the merits of Martinez's application for post-conviction writ of habeas corpus and denied the application. We do not have jurisdiction over post-conviction habeas applications in felony cases. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07(a). Post-conviction writs of habeas corpus must be filed in the court of conviction, but made returnable to the Texas Court of Criminal Appeals. *Id.*

Therefore, on July 18, 2014, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. On August 22, 2014, appellant filed a response. After considering appellant's response, we conclude that we lack jurisdiction over this appeal.

This appeal is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH